UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,

                Plaintiff,

           -against-

C.O. DEBRA,

                Defendant.

21-CV-1122 (LLS)

TRANSFER ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is incarcerated in the Vernon C. Bain Center and proceeding *in forma pauperis* (IFP), filed this *pro se* complaint under 42 U.S.C. § 1983, against a correction officer named "Debra." By order dated February 26, 2021, the Court granted Plaintiff leave to amend his complaint to allege facts suggesting that this defendant violated his rights. The Court later granted Plaintiff an extension of time to file an amended pleading. On June 21, 2021, Plaintiff filed an amended pleading, which the Court has reviewed. For the reasons set forth below, the Court transfers the action to the United States District Court for the Eastern District of New York.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

In Plaintiff's original complaint he alleged that "Claim #1 Dreamz worth more than more! Since 2008." (ECF 2, at 7.) Because Plaintiff did not state a claim against the named defendant, the Court granted him leave to file an amended complaint that complied with Rule 8 of the Federal Rules of Civil Procedure.

In the amended submission, Plaintiff alleges the following facts:

1. "On August, 2019, Plaintiff … was wrongfully accused of committing a crime nearby jurisdiction Brooklyn, East New York. 963 Sutter Ave. Bodega."

2. "Prior to August 1, 2019 of being wrongfully accused of a crime that is in the second degree of a robbery with a deadly weapon and suppose[ed]ly arrested on the scene according to the unknown victim."

3. "Plaintiff … was arrested by three white detective[s] but not right on the scene of the exact time of the allege[d] incident."

4. "Prior to that occasion to be 100% certain I was escorted in custod[y] by foot two blocks walking distance to be exact."

5. "While still and all of that two blocks of walking by one of my arresting officers I was informed to thanks Debra for my once again false arrest charges that was b[r]ought against me."

6. "On several different occasions of being detaine[d] within the 75 Precinct [in Brooklyn, New York] I've kept confirming to verify the charges was b[r]ought up against me but not by my arresting officer because I never saw them again."

7. "Prior to being detaine[d] inside of the 75 Precinct I was sought or once again set up but was it correction officer Debra good will of doing good question?"

8. "And what I basically mean of being set-up for once again is while I was held/detaine[d] inside the 75 Precinct I was plac[ed] inside a holding pen with another detainee [although] all the empty cell[s] that was located the[re] but the [reason] [f]or this topic is one thing tied to another and we started fighting and suppose[ed]ly injuries sustaine[ed] on his behalf and was escorted by the ambulance to the hospital and I was alleg[edly] charge[d] with an assault charge but mean while I never got medical treatment."

9. "[A]fter all these years I'm finally starting to see the bigger picture so vividly of constantly … doing hard time false arrest charges of correction officer Debra method to her madness."

10. "As I once stated in my previous motion that has been transfer[red] from the Southern to Eastern District complaint # 21-CV-1307 is that yes I was the [illegible] she choose Mrs. Debra after her baby boy nirell smoke something and never been the same, also once mention ask around verify to match my story great investigation."

(ECF 12, at 1-2, 6.) Plaintiff also asserts several claims related to his Brooklyn arrest, which he also asserted in the 21-CV-1307 action, referenced above, and detailed below.

Plaintiff's prior complaint, brought against three John Doe detectives and Police Officer Hassen of the 75th Precinct in Brooklyn, New York, as well as other defendants involved in Plaintiff's criminal proceedings in Brooklyn, was transferred under 28 U.S.C. § 1404(a), to the Eastern District of New York. *See Fredericks v. Doe*, ECF 1:20-CV-11043, 6 (S.D.N.Y. Mar. 11, 2021). In that action, Plaintiff had alleged the following: at some point before August 1, 2019,

Plaintiff was "[supposedly] arrested" on a robbery charge near a bodega located at 963 Sutter Avenue and was taken to the 75th Precinct, where three "white detectives" assaulted him. *Id.* at ¶ 14. On August 1, 2019, Plaintiff was "wrongfully accused" of robbery and arrested near the same Sutter Avenue bodega, and again taken to the 75th Precinct. Once he arrived at the precinct, he got into a fight with another detainee, who sustained an injury. At some point, Plaintiff was fingerprinted for the robbery charge, the fighting incident at the 75th Precinct, and for violating parole. On August 5, 2019, Plaintiff met with his defense attorney, who he named as a defendant, at "central booking," and thereafter the robbery charge was dismissed. *Id.* at ¶ 18.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Plaintiff filed this action regarding events that occurred in Brooklyn. Plaintiff does not provide an address for the sole defendant, Correction Officer Debra. But because Plaintiff does not allege that Defendant resides in this District or that a substantial part of the events or omissions underlying his claim arose in this District, venue does not appear to be proper here under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section

4

1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. Plaintiff claims that Correction Officer Debra lodged false accusations against him that resulted in his being arrested in Brooklyn, New York. Thus, the underlying events occurred in Brooklyn where Plaintiff's other civil action concerning the same events is pending. Brooklyn is located in Kings County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(a). Venue is therefore proper in the Eastern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this Court. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  November 3, 2021
         New York, New York

                                                    _____
                                                              Louis L. Stanton
                                                                  U.S.D.J.