UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NIGEL FREDRICKS,

                Plaintiff,                  **MEMORANDUM AND ORDER**
                                                               21-CV-6251 (RPK) (CLP)

    -against-

C.O. DEBRA,

                Defendant.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Pro se plaintiff Nigel Fredricks, who is incarcerated in the Vernon C. Bain Center, alleges in an amended pleading styled as his second amended complaint that a corrections officer he identifies as Debra committed acts that led to his false arrest. For the reasons discussed below, the second amended complaint is dismissed without prejudice.

## Background

      Plaintiff's second amended complaint asserts claims under 42 U.S.C. § 1983 against a corrections officer named "Debra." Second Am. Compl. 1, 7. Plaintiff alleges that in 2019, he was wrongfully arrested for second-degree robbery with a deadly weapon by a detective. *Id.* ¶¶ 2-3. He writes that "one of my arresting officers" informed him "to thank[] Debra for my once again false arrest charges that was bought against me." *Id.* ¶ 5. He later states, "prior to being detained inside of the 75 precinct [I] was . . . once again setup but was it correction officer Debra . . . good question?" *Id.* ¶ 7.

      Plaintiff then describes being charged with an assault after an alleged fight with another detainee at the police precinct; how bail was set in his criminal cases; his testimony before the grand jury related to charges against him; and parole revocation proceedings against him. *Id.* ¶¶

1

8-12. He states that "on so many different occasions after all these years" he is "finally starting to see the big picture" of "false arrest charges of correction officer Debra." *Id.* ¶ 22.

Plaintiff has filed a separate lawsuit against police officers allegedly involved in his 2019 false arrest. *See Fredricks v. Detective John Doe et al.*, No. 21-cv-1307 (RPK) (CLP).

### Standard of Review

When a litigant files a lawsuit in forma pauperis, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

The complaint of a pro se plaintiff must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted).

### Discussion

#### I. Rule 8

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain" a "short and plain statement of the grounds for the court's jurisdiction" and "a short

and plain statement of the claim showing that the pleader is entitled to relief." Those statements must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). That goes for pro se plaintiffs as well. "While we construe pro se pleadings liberally, 'the basic requirements of Rule 8 apply to self-represented and counsel alike.'" *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004)). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative, . . . to dismiss the complaint." *Ibid*.

Here, plaintiff has failed to disclose sufficient information to put the defendant, identified only as a corrections officer named Debra, on notice of what she is alleged to have done that gives rise to plaintiff's claims involving false arrest. Because there is insufficient information to permit the defendant to understand the claims against her, plaintiff has failed to state a claim.

## II. Leave to Amend

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a pro se plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Plaintiff may file an amended complaint within 30 days to remedy the deficiencies described above. Any amended complaint must identify each legal claim and set forth a short, plain statement of the relevant facts supporting it. Plaintiff should describe what the defendant did or failed to do, and how those acts or omissions caused plaintiff injury.

## Conclusion

The second amended complaint is dismissed. *See* 28 U.S.C. § 1915A. Plaintiff is granted thirty days to file a third amended complaint. No summons shall issue at this time and all further

proceedings shall be stayed for thirty days. If plaintiff fails to amend the complaint within thirty days from this Order, judgment shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: January 13, 2022
      Brooklyn, New York